1   JULIE RANEY (SBN 176060)
    McDONOUGH HOLLAND & ALLEN PC
2   Attorneys at Law
    555 Capitol Mall, 9th Floor
3   Sacramento, CA 95814
    Phone: 916.444.3900
4   Fax:   916.444.3249

5   MICHAEL W. BARRETT (SBN 155968)
    City Attorney
6   DAVID C. JONES (SBN 129881)
    Deputy City Attorney
7   CITY OF NAPA
    P.O. Box 660
8   955 School Street
    Napa, CA 94559
9   Phone: 707.257.9516
    Fax:   707.257.9274
10
    Attorneys for Defendant City of Napa
11

12                      UNITED STATES DISTRICT COURT

13                      NORTHERN DISTRICT OF CALIFORNIA

14  RODNEY YOUNG,                    )  Case No. C 07 5228 BZ
                                     )
15                  Plaintiff,       )
                                     )
16       v.                          )  **ANSWER TO FIRST AMENDED**
                                     )  **COMPLAINT**
17  CITY OF NAPA,                    )
                                     )
18                  Defendant.       )
                                     )
19  _____)

20       Defendant City of Napa answers the First Amended Complaint ("Complaint") filed by

21  Plaintiff Rodney Young as follows:

22       1.    In answer to paragraph 1 of the Complaint, Defendant responds that it lacks sufficient

23  information and belief as to the allegations contained therein, and on that basis deny them.

24       2.    In answer to paragraph 2 of the Complaint, Defendant admits the allegations

25  contained therein.

26       3.    In answer to paragraph 3 of the Complaint, Defendant responds that no defendant

27  other than the City of Napa has been named and, therefore, it cannot be the agent, employee, or

28  representative of any other defendant or have ratified the conduct of any other defendant.



4. In answer to paragraph 4 of the Complaint, Defendant admits that this court has federal question jurisdiction over the federal claim pleaded and has the discretion to exercise supplemental jurisdiction over the state law claims pleaded.

5. In answer to paragraph 5 of the Complaint, Defendant admits the allegations contained therein.

6. In answer to paragraph 6 of the Complaint, Defendant admits the allegations contained therein.

7. In answer to paragraph 7 of the Complaint, Defendant responds that it hired Plaintiff as a Maintenance Crafts Worker in 1987. Plaintiff became a Housing Services Specialist in June of 1994. Plaintiff's principle duties as a Housing Services Specialist were inspecting housing facilities to ensure compliance with HUD Housing Quality Standards, negotiating rental rates with landlords, processing property owner damage claims, maintaining and expanding the rent reasonableness/rent comparability programs, monitoring contract HQS Inspector performance, and coordinating contract maintenance. Except as specifically admitted herein, Defendant denies all remaining allegations of paragraph 7.

8. In answer to paragraph 8 of the Complaint, Defendant responds that it no longer employs the employees responsible for supervising Young during his employment with the City. In responding to this Complaint, Defendant has reviewed all available documentary evidence. It is not able, however, to admit or deny certain factual allegations where information is within the possession or control of these former employees. Accordingly, Defendant admits that Young's official personnel file contains no formal disciplinary write-ups. Defendant lacks sufficient information and belief to admit or deny the remaining allegations of paragraph 8 and, on that basis, denies them.

9. In answer to paragraph 9 of the Complaint, Defendant responds that it lacks sufficient information or belief to admit or deny that Young has lived in Jackson, California, for seven years; the time it took Young to drive from Jackson to Napa; or the status of Young's living arrangements during the workweek and, on that basis, denies these allegations. The City admits that in May of 2000, Plaintiff and his supervisor agreed to a temporary alternative work schedule for an initial

ANSWER TO FIRST AMENDED COMPLAINT                    1052543v4 03733/0044

1  six-month period that permitted Plaintiff to work from 7:00 a.m. to 6:00 p.m., Monday through

2  Thursday.  Defendant further responds that it no longer employs the employees responsible for

3  supervising Young during his employment with the City.  In responding to this Complaint,

4  Defendant has reviewed all available documentary evidence.  It is not able, however, to admit or

5  deny certain factual allegations where information is within the possession or control of these former

6  employees.  Accordingly, Defendant lacks sufficient information and belief to admit or deny the

7  remaining allegations of paragraph 9 and, on that basis, denies them.

8          10.    In answer to paragraph 10 of the Complaint, Defendant responds that Plaintiff has

9  failed to allege facts sufficient to permit Defendant to admit or deny the allegations contained

10  therein, and, on that basis, denies all allegations of paragraph 10.

11          11.    In answer to paragraph 11 of the Complaint, Defendant responds that Plaintiff has

12  failed to allege facts sufficient to permit Defendant to admit or deny the allegations contained

13  therein, and, on that basis, denies all allegations of paragraph 11.

14          12.    In answer to paragraph 12 of the Complaint, Defendant responds that Plaintiff has

15  failed to allege facts sufficient to permit Defendant to admit or deny the allegations contained

16  therein, and, on that basis, denies all allegations of paragraph 12.

17          13.    In answer to paragraph 13 of the Complaint, Defendant responds that Peter Drier and

18  Doris Smith are no longer employed by the City.  In responding to this Complaint, Defendant has

19  reviewed all available documentary evidence.  It is not able, however, to admit or deny certain

20  factual allegations where information is within the possession or control of these former employees.

21  Accordingly, Defendant lacks sufficient information and belief to admit or deny the remaining

22  allegations of paragraph 13 and, on that basis, denies them.

23          14.    In answer to paragraph 14 of the Complaint, Defendant responds that Peter Drier and

24  Doris Smith are no longer employed by the City.  In responding to this Complaint, Defendant has

25  reviewed all available documentary evidence.  It is not able, however, to admit or deny certain

26  factual allegations where information is within the possession or control of these former employees.

27  Accordingly, Defendant lacks sufficient information and belief to admit or deny the remaining

28  allegations of paragraph 14 and, on that basis, denies them.


MHA
:Donough Holland & Allen PC
Attorneys at Law

ANSWER TO FIRST AMENDED COMPLAINT                                          1052543v4 03733/0044

15.     In answer to paragraph 15 of the Complaint, Defendant responds that Peter Drier and Doris Smith are no longer employed by the City. In responding to this Complaint, Defendant has reviewed all available documentary evidence. It is not able, however, to admit or deny certain factual allegations where information is within the possession or control of these former employees. Accordingly, Defendant lacks sufficient information and belief to admit or deny the remaining allegations of paragraph 15 and, on that basis, denies them.

16.     In answer to paragraph 16 of the Complaint, Defendant responds that Peter Drier and Doris Smith are no longer employed by the City. In responding to this Complaint, Defendant has reviewed all available documentary evidence. It is not able, however, to admit or deny certain factual allegations where information is within the possession or control of these former employees. Accordingly, Defendant lacks sufficient information and belief to admit or deny the remaining allegations of paragraph 16 and, on that basis, denies them.

17.     In answer to paragraph 17 of the Complaint, Defendant responds that the allegations contained in paragraph 17 are too vague to permit a reasonable response. Defendant further responds that Peter Drier and Doris Smith are no longer employed by the City. In responding to this Complaint, Defendant has reviewed all available documentary evidence. It is not able, however, to admit or deny certain factual allegations where information is within the possession or control of these former employees. Accordingly, Defendant lacks sufficient information and belief to admit or deny the remaining allegations of paragraph 17 and, on that basis, denies them.

18.     In answer to paragraph 18 of the Complaint, Defendant denies the allegations contained therein.

19.     In answer to paragraph 19 of the Complaint, Defendant responds that during his employment, Young expressed to various City employees that the change in his work schedule caused him stress, would restrict the time he had available to spend with this family, and would lengthen his commute. Except as specifically admitted herein, Defendant is without sufficient information and belief to admit or deny the allegations contained in paragraph 19 and, on that basis, denies them.

///

ANSWER TO FIRST AMENDED COMPLAINT                                         1052543v4 03733/0044

MHA
:Donough Holland & Allen PC
Attorneys at Law

20.    In answer to paragraph 20 of the Complaint, Defendant responds that Peter Drier and Doris Smith are no longer employed by the City. In responding to this Complaint, Defendant has reviewed all available documentary evidence. It is not able, however, to admit or deny certain factual allegations where information is within the possession or control of these former employees. Accordingly, Defendant lacks sufficient information and belief to admit or deny the remaining allegations of paragraph 20 and, on that basis, denies them.

21.    In answer to paragraph 21 of the Complaint, Defendant responds that it is without sufficient information and belief to admit or deny the allegations contained therein and, on that basis, denies them.

22.    In answer to paragraph 22 of the Complaint, Defendant admits that it possesses a City of Napa Departmental Leave Request for Plaintiff dated August 1, 2006. This form includes an S-3 designation starting on August 30, 2006 and no end date. Except as specifically admitted herein, Defendant denies all allegations of paragraph 22.

23.    In answer to paragraph 23 of the Complaint, Defendant admits that it possesses a letter dated September 1, 2006, addressed to Plaintiff and signed by Peter Drier. Defendant asserts that the letter itself is the best evidence of its content. Without waiving this assertion, Defendant admits that the letter states that Young's request for leave had been approved for the period of August 30, 2006 through September 1, 2006 and that Young must comply with Civil Service Rule 9 before any additional leave time would be approved. The City further admits that the letter directs Young to provide a doctor's certification by September 8, 2006. Except as specifically admitted herein, Defendant denies all remaining allegations of paragraph 23.

24.    In answer to paragraph 24 of the Complaint, Defendant admits that it possesses a letter dated September 1, 2006, addressed to Plaintiff and signed by Peter Drier. Defendant asserts that the letter itself is the best evidence of its content. Without waiving this assertion, Defendant admits that this September 1, 2006 letter does not specifically address by name the Family and Medical Leave Act. Except as specifically admitted herein, Defendant denies all remaining allegations of paragraph 24.

///

25.    In answer to paragraph 25 of the Complaint, Defendant admits that it possesses a letter dated September 1, 2006, addressed to Plaintiff and signed by Peter Drier. Defendant asserts that the letter itself is the best evidence of its content. Without waiving this assertion, Defendant denies the allegations of paragraph 25.

26.    In answer to paragraph 26 of the Complaint, Defendant responds that it lacks sufficient information and belief to admit or deny the allegations contained therein and, on that basis, denies them.

27.    In answer to paragraph 27 of the Complaint, Defendant responds it possess a "Visit Verification" form dated September 6, 2006 for Rodney Young that states "unable to perform usual duties." The form also has a box checked next to the statement "has been ill and unable to attend work/school/physical education 9/5/06 through 12/5/06." Defendant asserts that the form itself is the best evidence of its content. Except as specifically admitted, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in paragraph 27 and, on that basis, denies them.

28.    In answer to paragraph 28 of the Complaint, Defendant responds that Peter Drier is no longer employed by the City. In responding to this Complaint, Defendant has reviewed all available documentary evidence. Defendant admits that it possesses a Personnel Action Form in regard to Plaintiff. Defendant asserts that the document itself is the best evidence of its content. Without waiving this assertion, Defendant admits the accuracy of the quotations plead by Plaintiff and that the form contains signatures ostensibly by the City employees and on the dates alleged by Plaintiff. Except as specifically admitted herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations of paragraph 28 and, on that basis, denies them.

29.    In answer to paragraph 29 of the Complaint, Defendant admits that it possesses a letter dated September 8, 2006, addressed to Plaintiff and signed by Peter Drier. Defendant asserts that the letter itself is the best evidence of its content. Without waiving this assertion, Defendant admits that the letter states that the Housing Authority requested Dr. Kaer Sean to provide clarification on noted restrictions that would affect Young's ability to perform his key job tasks and

///


McDonough Holland & Allen PC
Attorneys at Law

ANSWER TO FIRST AMENDED COMPLAINT                                    1052543v4 03733/0044

1    to participate in a temporary Modified Work Program.  Except as specifically admitted herein,
2    Defendant denies all remaining allegations of Paragraph 29.

3        30.    In answer to paragraph 30 of the Complaint, Defendant admits that it possesses a
4    letter dated September 8, 2006, addressed to Plaintiff and signed by Peter Drier.  Defendant asserts
5    that the letter itself is the best evidence of its content.  Without waiving this assertion, Defendant
6    admits that the letter does not address specifically by name the Family and Medical Leave Act or the
7    California Family Rights Act.  Except as specifically admitted herein, Defendant denies all
8    remaining allegations of paragraph 30.

9        31.    In answer to paragraph 31 of the Complaint, Defendant admits that it possesses a
10    letter dated September 8, 2006, addressed to Plaintiff and signed by Peter Drier.  Defendant asserts
11    that the letter itself is the best evidence of its content.  Without waiving this assertion, Defendant
12    denies the allegations contained in paragraph 31.

13        32.    In answer to paragraph 32 of the Complaint, Defendant admits that it possesses a
14    letter dated September 8, 2006, addressed to Dr. Kaer Sean and signed by Peter Drier.  Defendant
15    asserts that the letter itself is the best evidence of its content.  Without waiving this assertion,
16    Defendant admits the accuracy of the quotation plead by Plaintiff with Plaintiff's added emphasis on
17    the word "may."  Except as specifically admitted, Defendant lacks sufficient information and belief
18    to admit or deny the remaining allegations of paragraph 32 and, on that basis, denies them.

19        33.    In answer to paragraph 33 of the Complaint, Defendant admits that it possesses a
20    letter dated September 8, 2006, addressed to Dr. Kaer Sean and signed by Peter Drier.  Defendant
21    asserts that the letter itself is the best evidence of its content.  Without waiving this assertion,
22    Defendant responds that it lacks sufficient information and belief to admit or deny the allegations of
23    paragraph 33 and, on that basis, denies them.

24        34.    In answer to paragraph 34 of the Complaint, Defendant admits that it possesses a
25    letter dated September 8, 2006, addressed to Dr. Kaer Sean and signed by Peter Drier.  Defendant
26    asserts that the letter itself is the best evidence of its content.  Without waiving this assertion,
27    Defendant admits the accuracy of the quotation plead by Plaintiff.  Except as specifically admitted,
28    ///

MHA
:Donough Holland & Allen PC
Attorneys at Law

7

1  Defendant lacks sufficient information and belief to admit or deny the remaining allegations of

2  paragraph 34 and, on that basis, denies them.

3       35.    In answer to paragraph 35 of the Complaint, Defendant admits that it possesses a

4  letter dated September 8, 2006, addressed to Dr. Kaer Sean and signed by Peter Drier. Defendant

5  asserts that the letter itself is the best evidence of its content. Defendant responds that the allegations

6  of paragraph 35 are Plaintiff's characterization of the content and implication of the letter. Without

7  waiving these assertions, Defendant lacks sufficient information and belief to admit or deny the

8  allegations of paragraph 35 and, on that basis, denies them.

9       36.    In answer to paragraph 36 of the Complaint, Defendant admits that it possesses a

10 letter dated September 8, 2006, addressed to Dr. Kaer Sean and signed by Peter Drier. Defendant

11 asserts that the letter itself is the best evidence of its content. Defendant responds that the allegations

12 of paragraph 35 are Plaintiff's characterization of the content and implication of the letter. Without

13 waiving these assertions, Defendant lacks sufficient information and belief to admit or deny the

14 allegations of paragraph 36 and, on that basis, denies them.

15      37.    In answer to paragraph 37 of the Complaint, Defendant responds that it lacks

16 sufficient information and belief to admit or deny the allegations contained therein and, on that basis,

17 denies them.

18      38.    In answer to paragraph 38 of the Complaint, Defendant responds that it lacks

19 sufficient information and belief to admit or deny the allegations contained therein and, on that basis,

20 denies them.

21      39.    In answer to paragraph 39 of the Complaint, Defendant possesses a "Request for

22 Medical Leave of Absence" form with a box checked next to "Family and Medical Care Leave."

23 Defendant asserts that the form itself is the best evidence of its content. Except as specifically

24 admitted, Defendant responds that it lacks sufficient information and belief to admit or deny the

25 remaining allegations contained in paragraph 39 and, on that basis, denies them.

26      40.    In answer to paragraph 40 of the Complaint, Defendant admits that it possesses a

27 letter dated September 25, 2006, addressed to Plaintiff and signed by Peter Drier. Defendant asserts

28 that the letter itself is the best evidence of its content. Without waiving this assertion, Defendant

MHA
:Donough Holland & Allen PC
Attorneys at Law

8

1  admits the accuracy of the quotation plead by Plaintiff. Except as specifically admitted herein,
2  Defendant denies all remaining allegations of paragraph 40.

3        41.    In answer to paragraph 41 of the Complaint, Defendant admits that it possesses a
4  letter dated September 25, 2006, addressed to Plaintiff and signed by Peter Drier. Defendant asserts
5  that the letter itself is the best evidence of its content. Without waiving this assertion, Defendant
6  admits that the letter does not specifically reference by name the Family and Medical Leave Act or
7  the California Family Rights Act. Except as specifically admitted herein, Defendant denies all
8  remaining allegations of paragraph 41.

9        42.    In answer to paragraph 42 of the Complaint, Defendant admits that it possesses a
10  letter dated September 25, 2006, addressed to Plaintiff and signed by Peter Drier. Defendant asserts
11  that the letter itself is the best evidence of its content. Defendant responds that the allegations of
12  paragraph 42 are Plaintiff's characterization of the content and implication of the letter. Without
13  waiving these assertions, Defendant denies the allegations of paragraph 42.

14        43.    In answer to paragraph 43 of the Complaint, Defendant admits that it possesses a
15  letter dated September 25, 2006, addressed to Plaintiff and signed by Peter Drier. Defendant asserts
16  that the letter itself is the best evidence of its content. Without waiving this assertion, Defendant
17  admits that the letter does not direct Young to provide a second medical opinion. Except as
18  specifically admitted, Defendant denies all remaining allegations of paragraph 43.

19        44.    In answer to paragraph 44 of the Complaint, Defendant admits that it possesses a
20  letter dated September 25, 2006, addressed to Plaintiff and signed by Peter Drier. Defendant asserts
21  that the letter itself is the best evidence of its content. Without waiving this assertion, Defendant
22  admits to the accuracy of the quotation plead by Plaintiff. Except as specifically admitted herein,
23  Defendant denies all remaining allegations contained in paragraph 44.

24        45.    In answer to paragraph 45 of the Complaint, Defendant admits that it possesses a
25  letter dated September 25, 2006, addressed to Plaintiff and signed by Peter Drier. Defendant asserts
26  that the letter itself is the best evidence of its content. Without waiving this assertion, Defendant
27  admits to the accuracy of the quotation plead by Plaintiff. Except as specifically admitted herein,
28  Defendant denies all remaining allegations contained in paragraph 45.

46.   In answer to paragraph 46 of the Complaint, Defendant admits that it possesses a letter dated September 25, 2006, addressed to Plaintiff and signed by Peter Drier. Defendant asserts that the letter itself is the best evidence of its content. Without waiving this assertion, Defendant admits to the accuracy of the quotation plead by Plaintiff. Except as specifically admitted herein, Defendant denies all remaining allegations contained in paragraph 46.

47.   In answer to paragraph 47 of the Complaint, Defendant admits that it possesses a letter dated September 25, 2006, addressed to Plaintiff and signed by Peter Drier. Defendant asserts that the letter itself is the best evidence of its content. Without waiving this assertion, Defendant admits to the accuracy of the quotation plead by Plaintiff. Except as specifically admitted herein, Defendant denies all remaining allegations contained in paragraph 47.

48.   In answer to paragraph 48 of the Complaint, Defendant responds Assistant City Manager Nancy Weiss spoke with Maria Advincula and told Ms. Advincula that Plaintiff needed to provide the medical information that has been requested. Except as specifically admitted, Defendant denies all remaining allegations contained in paragraph 48.

49.   In answer to paragraph 49 of the Complaint, Defendant admits that is possesses a letter from Dr. Sean that contains the quotation by Plaintiff. Defendant lacks sufficient information and belief to admit or deny all remaining allegations of paragraph 49 and, on that basis, denies them.

50.   In answer to paragraph 50 of the Complaint, Defendant responds that it possesses a Request for Medical Leave of Absence – NCEA Employee form with the Plaintiff's name, with the box checked for Family Medical Care Leave, and the box checked for use of sick leave and vacation while on Family and Medical Care Leave. The fax transmission line is dated October 3, 2006. Except as specifically admitted, Defendant lacks sufficient information and belief to admit or deny the remaining allegations of paragraph 50 and, on that basis, denies them.

51.   In answer to paragraph 51 of the Complaint, Defendant responds that Peter Drier is no longer employed by the City. In responding to this Complaint, Defendant has reviewed all available documentary evidence. Defendant admits that it possess a Personnel Action Form in regard to Plaintiff. Defendant asserts that the document itself is the best evidence of its content. Without waiving this assertion, Defendant admits the accuracy of the quotations plead by Plaintiff

ANSWER TO FIRST AMENDED COMPLAINT

1052543v4 03733/0044

1 | and that the form contains signatures ostensibly by the City employees and on the dates alleged by
2 | Plaintiff. Except as specifically admitted herein, Defendant lacks sufficient information and belief to
3 | admit or deny the remaining allegations of paragraph 51 and, on that basis, denies them.

4 |     52.    In answer to paragraph 52 of the Complaint, Defendant responds that Peter Drier is
5 | no longer employed by the City. In responding to this Complaint, Defendant has reviewed all
6 | available documentary evidence. Defendant admits that it possess a Personnel Action Form in
7 | regard to Plaintiff. Defendant asserts that the document itself is the best evidence of its content.
8 | Without waiving this assertion, Defendant admits the accuracy of the quotations plead by Plaintiff
9 | and that the form contains signatures ostensibly by the City employees and on the dates alleged by
10 | Plaintiff; Defendant asserts, however that the form was signed by a Personnel Technician on behalf
11 | of the Personnel Director. Except as specifically admitted herein, Defendant lacks sufficient
12 | information and belief to admit or deny the remaining allegations of paragraph 52 and on that basis
13 | denies them.

14 |     53.    In answer to paragraph 53 of the Complaint, Defendant admits that it possesses a
15 | letter dated October 12, 2006, addressed to Plaintiff and signed by Peter Drier. Defendant asserts
16 | that the letter itself is the best evidence of its content. Without waiving this assertion, Defendant
17 | admits that the letter acknowledges receipt of a one-paragraph letter from Dr. Kaer and an amended
18 | request for a leave of absence as Family and Medical Care leave. Defendant further admits to the
19 | accuracy of the quotation by Plaintiff. Except as specifically admitted herein, Defendant denies all
20 | remaining allegations contained in paragraph 53.

21 |     54.    In answer to paragraph 54 of the Complaint, Defendant admits that it possesses a
22 | letter dated October 12, 2006, addressed to Plaintiff and signed by Peter Drier. Defendant asserts
23 | that the letter itself is the best evidence of its content. Without waiving this assertion, Defendant
24 | admits the accuracy of the quotation by Plaintiff. Except as specifically admitted herein, Defendant
25 | denies all remaining allegations contained in paragraph 54.

26 |     55.    In answer to paragraph 55 of the Complaint, Defendant responds that it possesses a
27 | form entitled "City of Napa Certification of Health Care Provider" signed "Sean Kaer, MD/R.J." and
28 | dated October 16, 2006. Defendant further admits that Valerie Ruxton confirmed receipt of this

ANSWER TO FIRST AMENDED COMPLAINT        1052543v4 03733/0044

1  form in a telephone conversation with Advincula. Except as specifically admitted, Defendant lacks

2  sufficient information and belief to admit or deny the remaining allegations of paragraph 55 and, on

3  that basis, denies them.

4      56.    In answer to paragraph 56 of the Complaint, Defendant admits that Plaintiff did not

5  return to work with the City of Napa on October 16, 2006.

6      57.    In answer to paragraph 57 of the Complaint, Defendant admits that it possesses a

7  letter dated October 19, 2006, addressed to Plaintiff and signed by Peter Drier. Defendant asserts

8  that the letter itself is the best evidence of its content. Without waiving this assertion, Defendant

9  admits that the letter advises Young that he is considered to have voluntarily resigned his

10  employment effective at 5 p.m. on October 16, 2006. Except as specifically admitted herein,

11  Defendant denies all remaining allegations contained in paragraph 57.

12      58.    In answer to paragraph 58 of the Complaint, Defendant admits that it possesses a

13  letter dated October 19, 2006 from Plaintiff to Peter Dreier stating that he wishes to appeal the

14  decision of voluntary resignation before the City Manager. Defendant asserts that the letter itself is

15  the best evidence of its content. Except as specifically admitted, Defendant is without sufficient

16  information and belief to admit or deny the remaining allegations of paragraph 58 and, on that basis,

17  denies them.

18      59.    In answer to paragraph 59 of the Complaint, Defendant responds that Plaintiff was

19  provided a Skelly hearing with Acting City Manager, Patricia Thompson, on October 31, 2006, as

20  part of the appeal process with respect to his termination due to voluntary resignation. Except as

21  specifically admitted herein, all remaining allegations of paragraph 59 are denied.

22      60.    In answer to paragraph 60 of the Complaint, Defendant admits the allegations

23  contained therein.

24      61.    In answer to paragraph 61 of the Complaint, Defendant incorporates its responses to

25  paragraphs 1 through 60 above, as though fully set forth herein.

26      62.    In answer to paragraph 62 of the Complaint, Defendant responds that this paragraph

27  contains legal conclusions that do not require a response. To the extent that paragraph 62 contains

28  any factual allegations, Defendant denies all such allegations.


:Donough Holland & Allen PC
Attorneys at Law

12

1    63.    In answer to paragraph 63 of the Complaint, Defendant admits that it is a "covered

2 employer" as that term is defined by the Family and Medical Leave Act.

3    64.    In answer to paragraph 64 of the Complaint, Defendant admits that in August,

4 September and October of 2006, Young had been employed by the City of Napa for more than one

5 year and had worked in excess of 1,250 hours in the previous twelve-months.  Except as specifically

6 admitted herein, Defendant denies all remaining allegations of paragraph 64.

7    65.    In answer to paragraph 65 of the Complaint, Defendant denies the allegations

8 contained therein.

9    66.    In answer to paragraph 66 of the Complaint, Defendant denies the allegations

10 contained therein.

11    67.    In answer to paragraph 67 of the Complaint, Defendant denies the allegations

12 contained therein.

13    68.    In answer to paragraph 68 of the Complaint, Defendant denies the allegations

14 contained therein.

15    69.    In answer to paragraph 69 of the Complaint, Defendant denies the allegations

16 contained therein.

17    70.    In answer to paragraph 70 of the Complaint, Defendant denies the allegations

18 contained therein.

19    71.    In answer to paragraph 71 of the Complaint, Defendant denies the allegations

20 contained therein.

21    72.    In answer to paragraph 72 of the Complaint, Defendant denies the allegations

22 contained therein.

23    73.    In answer to paragraph 73 of the Complaint, Defendant incorporates its responses to

24 paragraphs 1 through 72 above, as though fully set forth herein.

25    74.    In answer to paragraph 74 of the Complaint, Defendant responds that paragraph 74

26 contains legal conclusions that do not require a response.  To the extent that paragraph 74 contains

27 any factual allegations, Defendant denies them.

28 ///


:Donough Holland & Allen PC
Attorneys at Law

13

ANSWER TO FIRST AMENDED COMPLAINT                                    1052543v4 03733/0044

75.     In answer to paragraph 75 of the Complaint, Defendant responds that it possesses the documents alleged.   Defendant asserts that the allegation that Plaintiff has exhausted all administrative remedies available under the CFRA and complied with his service obligations is a question of law and subject to Defendant's affirmative defense of failure to exhaust.   Except as specifically admitted, Defendant lacks sufficient information and belief to admit or deny the remaining allegations of paragraph 75 and, on that basis, denies them.

76.     In answer to paragraph 76 of the Complaint, Defendant admits that it is a "covered employer" as that term in defined in the California Family Rights Act.   Except as specifically admitted herein, Defendant denies all allegations of paragraph 76.

77.     In answer to paragraph 77 of the Complaint, Defendant responds that in August, September, and October of 2006, Plaintiff had been employed by Defendant for more than one year and had worked in excess of 1,250 hours in the previous twelve months.   Except as specifically admitted herein, Defendant denies all remaining allegations of paragraph 77.

78.     In answer to paragraph 78 of the Complaint, Defendant denies all allegations contained therein.

79.     In answer to paragraph 79 of the Complaint, Defendant denies the allegations contained therein.

80.     In answer to paragraph 80 of the Complaint, Defendant denies the allegations contained therein.

81.     In answer to paragraph 81 of the Complaint, Defendant denies the allegations contained therein.

82.     In answer to paragraph 82 of the Complaint, Defendant denies the allegations contained therein.

83.     In answer to paragraph 83 of the Complaint, Defendant denies the allegations contained therein.

84.     In answer to paragraph 84 of the Complaint, Defendant denies the allegations contained therein.

///


:Donough Holland & Allen PC
Attorneys at Law

ANSWER TO FIRST AMENDED COMPLAINT                                              1052543v4 03733/0044

85.     In answer to paragraph 85 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 84 above, as though fully set forth herein.

86.     In answer to paragraph 86 of the Complaint, Defendant denies the allegations contained therein.

87.     In answer to paragraph 87 of the Complaint, Defendant denies the allegations contained therein.

### FIRST AFFIRMATIVE DEFENSE

The complaint, and each purported claim for relief against this answering Defendant, fails to state facts sufficient to state a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust applicable state and federal administrative remedies and internal procedures.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint, and each claim for relief alleged therein, is barred by the applicable statute of limitations, including California Civil Code sections 335.1, 342, 343 and California Government Code section 12965(b).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiff must be diminished or barred by reason thereof.

### FIFTH AFFIRMATIVE DEFENSE

Both by statute and common law, this answering Defendant was privileged and justified in acting as it did. Accordingly, this answering Defendant cannot be liable for Plaintiff's damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

The injuries and damages sustained by Plaintiff, if any, were not caused by this answering Defendant, but were the result of the acts, omissions, and/or breaches of other persons or entities over whom this answering Defendant had no control. These acts, omissions, and/or breaches were



1 either unknown to this answering Defendant at the time of its commission or beyond the power and
2 control of this answering Defendant to affect or alter, and furthermore these acts, omissions, and/or
3 breaches have not been ratified by this answering Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

4

5 No act, omission, or representation of this answering Defendant if any, was the cause in fact
6 or the proximate cause of Plaintiff's damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

7

8 The complaint, and each purported claim for relief alleged therein against this answering
9 Defendant, fails to allege facts sufficient to allow recovery of punitive or exemplary damages from
10 this answering Defendant and no punitive damages may be awarded against the City or its officials
11 under California Government Code Section 818.

### NINTH AFFIRMATIVE DEFENSE

12

13 The complaint, and each claim for relief contained therein, is barred because this answering
14 Defendant are immune from liability for the acts alleged in the complaint.

### TENTH AFFIRMATIVE DEFENSE

15

16 The complaint, and each claim for relief contained therein, is barred because Plaintiff has not
17 complied with the claim filing requirements of the California Government Claims Act.

### ELEVENTH AFFIRMATIVE DEFENSE

18

19 Any of the conduct of this answering Defendant which is alleged to be unlawful was taken as
20 a result of conduct by the Plaintiff, and Plaintiff is thus estopped to assert any cause of action against
21 this answering Defendant.

### TWELVTH AFFIRMATIVE DEFENSE

22

23 This answering Defendant has fully performed any and all contractual, statutory, and other
24 duties to Plaintiff, and Plaintiff is therefore estopped to assert any cause of action against this
25 answering Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

26

27 Each and every claim for relief alleged in Plaintiff's complaint is barred by reason of the
28 doctrines of laches, waiver, and unclean hands.



:Donough Holland & Allen PC
Attorneys at Law

ANSWER TO FIRST AMENDED COMPLAINT                                1052543v4 03733/0044

1

### FOURTEENTH AFFIRMATIVE DEFENSE

2   The complaint, and each claim for relief contained therein, is barred because Defendant took

3   all reasonable steps to prevent and/or correct any unlawful discrimination from occurring in the work

4   place.

5

### FIFTEENTH AFFIRMATIVE DEFENSE

6   By his conduct and omissions, Plaintiff has waived, relinquished and abandoned any right or

7   claim against Defendant.

8

### SIXTEENTH AFFIRMATIVE DEFENSE

9   Defendant acted at all times in good faith with reasonable belief that it was not violating the

10  Family Medical Leave Act or the California Family Rights Act and with legitimate business

11  justifications for every decision made with respect to Plaintiff's requests for leave and all other terms

12  and conditions of employment.

13

### SEVENTEENTH AFFIRMATIVE DEFENSE

14  The injuries and/or damages sustained by Plaintiff, if any, were not caused by Defendant but

15  were the result of Plaintiff's own acts, omissions and breaches, including but not limited to,

16  Plaintiff's failure to provide sufficient notice of the need and/or reasons for leave, failure to provide

17  sufficient and adequate medical certifications, failure to cooperate with Defendant's reasonable

18  requests and communication attempts.

19

### EIGHTEENTH AFFIRMATIVE DEFENSE

20  Plaintiff is not a member of the class entitled to protection under the FMLA nor the CFRA.

21

### NINETEENTH AFFIRMATIVE DEFENSE

22  Any claims that Plaintiff may have for physical and emotional injuries are preempted in

23  whole or in part by the California Workers' Compensation Act including, but not limited to,

24  California Labor Code section 3600, *et seq.*, all of which provide for the sole and exclusive

25  remedies.

26  ///

27  ///

28  ///


:Donough Holland & Allen PC
Attorneys at Law

ANSWER TO FIRST AMENDED COMPLAINT                                          1052543v4 03733/0044

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff was not entitled to a leave of absence because he failed to provide in a timely manner the requested medical certifications, failed to substantiate a covered need for leave, and/or obstructed and did not participate in good faith in the medical certification process.

WHEREFORE, Defendant prays judgment against Plaintiff as follows:

1.    That Plaintiff be afforded no relief and take nothing by his Complaint.

2.    Cost and expenses incurred in connection with this action, including reasonable attorneys' fees.

3.    Any other and further relief that the court deems just and equitable.

DATED:  November 20, 2007         McDONOUGH HOLLAND & ALLEN PC
                                  Attorneys at Law


By: _____ /s/Julie Raney_____
                    JULIE RANEY

Attorneys for Defendant City of Napa

ANSWER TO FIRST AMENDED COMPLAINT                        1052543v4 03733/0044