1  JULIE RANEY (SBN 176060)
   McDONOUGH HOLLAND & ALLEN PC
2  Attorneys at Law
   555 Capitol Mall, 9th Floor
3  Sacramento, CA 95814
   Phone: 916.444.3900
4  Fax:   916.444.3249

5  MICHAEL W. BARRETT (SBN 155968)
   City Attorney
6  DAVID C. JONES (SBN 129881)
   Deputy City Attorney
7  CITY OF NAPA
   P.O. Box 660
8  955 School Street
   Napa, CA 94559
9  Phone: 707.257.9516
   Fax:   707.257.9274
10
   Attorneys for Defendant City of Napa
11
   NOAH D. LEBOWITZ (SBN 194982)
12 MARK C. PETERS (SBN 160611)
   DUCKWORTH PETERS LEBOWITZ LLP
13 235 Montgomery Street, Suite 1010
   San Francisco, CA 94104
14 Phone: (415) 433-0333
   Fax:   (415) 449-6556
15
   Attorneys for Plaintiff Rodney Young
16

17                   UNITED STATES DISTRICT COURT

18                  NORTHERN DISTRICT OF CALIFORNIA

19 RODNEY YOUNG,                  )  Case No. C 07 5228 WHA
                                  )
20           Plaintiff,            )  **JOINT CASE MANAGEMENT**
                                  )  **STATEMENT**
21      v.                        )
                                  )  DATE:   February 7, 2008
22 CITY OF NAPA,                  )  TIME:   11:00 a.m.
                                  )  PLACE:  Hon. William H. Alsup
23           Defendant.            )          Courtroom 9, 19th Floor

24      Pursuant to Civil Local Rule 16-9 and the Court's Standing Order, Plaintiff Rodney Young

25 and Defendant City of Napa hereby file this Joint Case Management Statement.

26 **1.      Jurisdiction and Service.**

27      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff requests

28 that the Court exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C.

1  § 1367(a). There are no issues regarding personal jurisdiction, venue, or service.

2  **2.    Facts.**

3  Plaintiff alleges that Defendant violated and interfered with his rights to a leave of absence
4  under the Fair Employment and Housing Act ("FMLA") and the California Family Rights Act
5  ("CFRA"). He also alleges that Defendant failed to pay earned vacation upon termination.

6  Defendant employed Plaintiff in its Building Department from 1989 until October 16, 2006.
7  In approximately May of 2000, Plaintiff began working an alternative work schedule. In June of
8  2006, the parties began discussions regarding a change in the alternative work schedule. In late
9  August, 2006, Defendant directed Plaintiff to commence a new alternative work schedule effective
10 September 5, 2006.

11 Plaintiff did not report to work on August 28, 2006. On August 29, 2006, Plaintiff submitted
12 a Leave Request with an August 30, 2006 start date and no end date. Between August 29, 2006 and
13 October 19, 2006, the parties engaged in written and verbal communications related to Plaintiff's
14 request for a leave of absence, medical certification requirements, and Plaintiff's work schedule.
15 Plaintiff did not return to work during this time. By letter dated October 19, 2006, Defendant
16 informed Plaintiff that it considered his failure to return to work a voluntary resignation, effective
17 October 16, 2006.

18 The principal factual issues in dispute include: (1) whether Plaintiff suffered from a serious
19 health condition; (2) whether Plaintiff was entitled to a leave of absence for a serious health
20 condition; (3) whether Plaintiff provided sufficient and timely notice of his need for a leave;
21 (4) whether Plaintiff provided sufficient and valid medical certification for his requested leave;
22 (5) whether Plaintiff failed to cooperate in the medical certification process; (6) whether Defendant
23 had sufficient grounds to challenge Plaintiff's medical certification; (7) whether Defendant failed to
24 cooperate in the medical certification process; (8) whether Defendant provided proper notice of
25 Plaintiff's rights under FMLA/CFRA; (9) whether Defendant properly deducted vacation time; and
26 (10) whether Plaintiff unequivocally stated his intent not to return to work following a leave and/or
27 voluntarily resigned his employment.

28 / / /

3. **Legal Issues.**

   a.   Whether Defendant failed to provide Plaintiff with sufficient notice of his rights under FMLA (29 C.F.R. § 825.300) or CFRA (2 Cal. Code Regs. § 7297.4(b)(2)).

   b.   Whether Plaintiff suffered from a serious health condition as defined by the FMLA and/or CFRA. (29 U.S.C. § 2611(11); Cal. Govt. Code § 12945.2(c)(8)).

   c.   Whether Plaintiff provided adequate and timely notice of his need to take a FMLA/CFRA leave of absence. (29 C.F.R. § 825.303(a), (b); 2 Cal. Code Regs. 7297.4(a) (1), (3)).

   d.   Whether Defendant violated FMLA or CFRA in the manner in which it sought medical certification in response to Plaintiff's request for leave of absence. (29 C.F.R. §§ 825.305, 825.307; 2 Cal. Code Regs. 7297.4).

   e.   Whether Defendant violated FMLA and/or CFRA by failing to grant Plaintiff medical leave and terminating him. (29 U.S.C. § 2601, *et seq.*; Cal. Govt. Code § 12945.1, *et seq.*)

   f.   Whether Defendant violated FMLA and or CFRA by requiring Plaintiff to use accrued vacation time. (29 U.S.C. § 2601, *et seq.*; Cal Govt. Code § 12945.1, *et seq.*)

   g.   Whether Defendant violated California Labor Code § 227.3 by not crediting and paying Plaintiff for vacation time upon termination.

4. **Motions.**

   There are no prior or pending motions. Defendant anticipates filing a motion for summary judgment. Plaintiff anticipates filing a motion for partial summary judgment.

5. **Amendment of Pleadings.**

   The parties do not anticipate adding to dismissing any parties. The parties do not anticipate any further amendment to the pleadings.

6. **Evidence Preservation.**

   Upon service of the Complaint, the Deputy City Attorney for the City of Napa directed appropriate personnel, including the head of the information Technology Dept., to take all steps necessary to prevent destruction and/or deletion of documents and to take affirmative steps to retain relevant documents. The directive included documents in any form, including paper, electronic mail, voicemail, or any other type of recorded document.



JOINT CASE MANAGEMENT STATEMENT          1064403v3 03733/0044

| | |
|---|---|
| 1 | **7. Disclosures.** |
| 2 | The parties will comply with the disclosure deadlines set forth in the Initial Case |
| 3 | Management Order filed on October 12, 2007, requiring the parties to meet and confer no later than |
| 4 | February 11, 2008, exchange Initial Disclosures on February 25, 2008, and file a Rule 26(f) report |
| 5 | by February 25, 2008. |
| 6 | **8. Discovery.** |
| 7 | The parties have not engaged in any discovery. |
| 8 | Plaintiff intends to take depositions of decision-makers and other fact witnesses currently |
| 9 | employed with the City of Napa. Plaintiff intends to propound written discovery including requests |
| 10 | for admission, special interrogatories, and requests for production of documents. |
| 11 | Defendant will take the depositions of Plaintiff, Maria Advincula, and Plaintiff's health care |
| 12 | provider(s). Defendant will propound special interrogatories and document demands. |
| 13 | **9. Class Action.** |
| 14 | This is not a class action. |
| 15 | **10. Related Cases.** |
| 16 | The parties are unaware of any related cases. |
| 17 | **11. Relief Sought.** |
| 18 | Plaintiff seeks relief in the form of lost wages (past & future), emotional distress, and |
| 19 | consequential economic losses. Plaintiff may to seek liquidated damages under the FMLA as well as |
| 20 | recovery of reasonable attorneys' fees and costs under both the FMLA and CFRA. |
| 21 | **12. Settlement and ADR.** |
| 22 | The parties have not yet made efforts to settle this matter. The parties will further meet and |
| 23 | confer on ADR options after they have made their initial disclosures. |
| 24 | **13. Consent to Magistrate.** |
| 25 | The parties do not consent to have the magistrate judge conduct all further proceedings. |
| 26 | **14. Other References.** |
| 27 | This case is not suitable for reference to binding arbitration, a special master, or the Judicial |
| 28 | Panel on Multidistrict Litigation. |


McDonough Holland & Allen PC
Attorneys at Law

JOINT CASE MANAGEMENT STATEMENT                                                1064403v3 03733/0044

1  15.  **Narrowing of Issues.**

2  The parties are currently unaware of any potential for narrowing of issues.

3  **16.**  **Expedited Schedule.**

4  The parties do not believe this case can be handled on an expedited basis.

5  **17.**  **Scheduling.**

6  a.  The parties propose that expert disclosures take place sixty (60) days prior to the
7  close of discovery, with supplemental disclosures thirty (30) days later.

8  b.  The parties propose a discovery cut-off date in November of 2008.

9  c.  The parties propose a cut-off for hearing of dispositive motions in December of
10  2008.

11  d.  The parties propose a pretrial conference in January of 2009.

12  e.  The parties propose a trial date in February of 2009.

13  **18.**  **Trial.**

14  The parties anticipate a 5 to 7-day jury trial.

15  **19.**  **Disclosure of Non-party Interested Entities or Persons.**

16  Local Rule 316 is inapplicable to Defendant.

17

18  DATED: January 31, 2008             McDONOUGH HOLLAND & ALLEN PC
                                        Attorneys at Law
19

20
                                        By:  _____/s/ Julie Raney_____
21                                                  JULIE RANEY

22                                      Attorneys for Defendant City of Napa

23

24  DATED: January 31, 2008             DUCKWORTH · PETERS · LEBOWITZ LLP

25

26                                      By:  _____/s/ Noah D. Lebowitz_____
                                                    NOAH D. LEBOWITZ
27
                                        Attorneys for Plaintiff Rodney Young
28



5

JOINT CASE MANAGEMENT STATEMENT                                    1064403v3 03733/0044