JULIE RANEY (SBN 176060)
McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
555 Capitol Mall, 9th Floor
Sacramento, CA 95814
Phone: 916.444.3900
Fax:    916.444.3249

MICHAEL W. BARRETT (SBN 155968)
City Attorney
DAVID C. JONES (SBN 129881)
Deputy City Attorney
CITY OF NAPA
P.O. Box 660
955 School Street
Napa, CA 94559
Phone: 707.257.9516
Fax:    707.257.9274

Attorneys for Defendant City of Napa

NOAH D. LEBOWITZ (SBN 194982)
MARK C. PETERS (SBN 160611)
DUCKWORTH PETERS LEBOWITZ LLP
235 Montgomery Street, Suite 1010
San Francisco, CA 94104
Phone: (415) 433-0333
Fax:    (415) 449-6556

Attorneys for Plaintiff Rodney Young

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY YOUNG, | Case No. C 07 5228 WHA |
| Plaintiff, | **JOINT RULE 26(f) CONFERENCE REPORT** |
| v. | |
| CITY OF NAPA, | |
| Defendant. | |

    The parties hereby submit a Joint Rule 26(f) Conference Report, outlining the following discovery plan. See Fed. R. Civ. P. 26(f).

    1.    Timing of Initial Disclosures: The parties will make initial disclosure on February 25, 2008.

2.  Subjects of Discovery:

   a. Plaintiff will need discovery on the following issues:

   - The Defendant's demand that the Plaintiff raise rents on Section 8 housing in order to deplete unused funds from the U.S. Department of Housing and Urban Development ("HUD");
   - The extent to which HUD monies were actually depleted by the inflation of Section 8 rents in 2006;
   - The alleged justifications for altering the Plaintiff's work schedule;
   - The alleged justifications for denying the Plaintiff protected medical leave under the FMLA/CFRA;
   - What notice was given to the Plaintiff regarding his rights and/or obligations under the FMLA/CFRA;
   - The alleged justifications for not accepting the Plaintiff's medical documentation for his leave of absence;
   - Who determined that the Plaintiff's medical documentation was insufficient to justify his leave of absence;
   - The alleged justifications for the Plaintiff's termination;
   - Who is currently performing the Plaintiff's job duties;
   - The budget for the Napa Housing Authority and the impact the Plaintiff's schedule would have had on any alleged budget issues;
   - The reasons why Peter Dreier is no longer employed by the Defendant;
   - The reasons why Doris Smith is no longer employed by the Defendant;
   - The current wage and benefits package available to employees of the Defendant.

   b. Defendant will need discovery on the following issues:

   - whether Plaintiff suffered from a serious health condition or other condition entitling him to a leave;
   - whether Plaintiff was entitled to a leave of absence;


- whether Plaintiff provided sufficient and timely notice of his need for a leave;
- whether Plaintiff provided sufficient and valid medical certification for his requested leave;
- whether Plaintiff failed to cooperate in the medical certification process;
- the nature and extent of Plaintiff's union representative's involvement in Plaintiff's request for leave, communications with Defendant; communications and facilitation of form process with Plaintiff and Plaintiff's health care provider;
- the nature and extent of Plaintiff's health care provider's involvement in providing Defendant with information related to Plaintiff's request for leave;
- whether Plaintiff intended to return to work following a leave and/or voluntarily resigned his employment;
- what notices and information Plaintiff received regarding Defendant's policies, procedures, and requirements for leaves of absence;
- Plaintiff's appeal from the decision that he voluntarily resigned his employment;
- Plaintiff's participation in any administrative proceedings relating to his employment, state disability, worker's compensation, and/or unemployment insurance;
- whether Plaintiff was or is able to perform any work from August 29, 2006 through trial;
- whether Plaintiff has sought employment or been employed since he resigned from the City of Napa;
- whether and to what degree Plaintiff has mitigated his damages;
- the nature, scope and amount of Plaintiff's damages.

The Court set discovery cut-off dates in the Case Management Order and Reference to ADR Unit for Mediation, dated February 7, 2008.

/ / /



3. Limitations on Discovery: The Parties do not propose any limitations on discovery.

4. Other Orders: The parties do not propose any other orders under Rule 26(c) or Rule 16(b) and (c).

DATED: February 25, 2008

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By: ___*/s/ Julie Raney*___
       JULIE RANEY

Attorneys for Defendant City of Napa

DATED: February 25, 2008

DUCKWORTH · PETERS · LEBOWITZ LLP

By: ___*/s/ Noah D. Lebowitz*___
       NOAH D. LEBOWITZ

Attorneys for Plaintiff Rodney Young

RULE 26(f) CONFERENCE REPORT       1064403v3 03733/0044